UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TROY ARTIS BROWN and CHERIE MORGAN BROWN,<br><br>                    Plaintiffs,<br><br>     v.<br><br>C.D.H., a minor child, and JONATHAN DOUGLAS HAGLER, on behalf of the minor child,<br><br>                    Defendants. | NO: 13-CV-5126-TOR<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

BEFORE THE COURT is Plaintiffs' Motion to Remand (ECF No. 6). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

This is an adoption case that was originally filed in the Family Court of the Fifth Judicial Circuit for the State of South Carolina. Defendant Jonathan Hagler ("Hagler"), the biological father of C.D.H., removed the case to this Court pursuant

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 1

1  to 28 U.S.C. § 1331, arguing that the case presents federal questions under the

2  Fourteenth Amendment to the U.S. Constitution and the Parental Kidnapping

3  Prevention Act ("PKPA"), 28 U.S.C. § 1738A.  Plaintiffs now move to remand the

4  case for lack of federal question jurisdiction.  For the reasons discussed below, the

5  Court will grant the motion.

6                                    DISCUSSION

7       Hagler's notice of removal alleges that subject matter jurisdiction is proper

8  under 28 U.S.C. § 1331 because "the Petition to involuntarily terminate [his]

9  parental rights filed in South Carolina family court is a civil action that creates

10 federal questions under the Constitution, laws or treaties of the United States."

11 ECF No. 1 at 11.  The crux of Hagler's argument is that Plaintiffs are depriving

12 him of due process under the Fourteenth Amendment by attempting to terminate

13 his parental rights in a court which lacks personal jurisdiction over him and which

14 lacks authority to modify custody orders previously issued by courts in the State of

15 Washington.  ECF No. 1 at 11-12.  Plaintiff further suggests that federal question

16 jurisdiction exists under the Parental Kidnapping Prevention Act, which generally

17 requires that state courts give full faith and credit to child custody orders issued by

18 a court in a different state.  ECF No. 1 at 12.

19 //

20 //

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 2

### A. Removal Under 28 U.S.C. 1441

Title 28 United States Code, Section 1441(a) provides that an action filed in state court which presents a federal question may be removed "to the district court of the United States *for the district and division embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). Removal of this case to the Eastern District of Washington was improper because the underlying action was filed in South Carolina state court. Although this Court has discretion to transfer the case to the District of South Carolina, *see Tanzman v. Midwest Exp. Airlines, Inc.*, 916 F. Supp. 1013, 1017 (S.D. Cal. 1996), it will decline to do so for want of subject matter jurisdiction.

### B. Due Process

Hagler's argument that the adoption proceedings initiated in South Carolina violate his right to due process is unavailing. The hallmarks of procedural due process under the Fourteenth Amendment are notice and an opportunity to be heard. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313-314 (1950). The record reflects that Hagler has appeared and actively participated in the South Carolina family court proceedings with the assistance of counsel. The record also reflects that the South Carolina family court and the Spokane County Superior Court held a joint hearing at which all parties appeared to determine which court had jurisdiction over the adoption proceeding. ECF No. 7, Ex. C.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 3

Thus, Hagler has been afforded an opportunity to be heard in *both* state courts on the issues he raises in his notice of removal. Assuming for the sake of argument that due process violations of the type Hagler asserts could give rise to federal question jurisdiction, there is simply no basis for doing so on this record.

To the extent that Plaintiff believes that the South Carolina family court lacks personal jurisdiction over him, he is free to litigate that issue in the South Carolina state courts. This Court will not express an opinion on whether personal jurisdiction over Plaintiff is proper in South Carolina family court.

**C. Parental Kidnapping Prevention Act**

There is no private right of action to enforce the PKPA in federal court. *Thompson v. Thompson*, 484 U.S. 174, 187 (1988) ("[T]he context, language, and history of the PKPA together make out a conclusive case against inferring a cause of action in federal court to determine which of two conflicting state custody decrees is valid."). The PKPA therefore does not give rise to federal question jurisdiction over this case. *La Maina v. Brannon*, 804 F. Supp. 607, 612 (D. N.J. 1992). Given that there is no basis for exercising federal question jurisdiction, this case must be remanded to the Family Court of the Fifth Judicial Circuit for the State of South Carolina.

//

//

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 4

### D. Award of Attorney's Fees and Costs

Plaintiffs have requested an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides, in relevant part, that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, where an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds that Hagler, as a *pro se* litigant, had a sufficiently reasonable basis for attempting to remove this case under the PKPA. Although *Thompson* forecloses such removal, a reasonable *pro se* litigant in Plaintiff's position could be excused for failing to locate this authority in view of the facial applicability of the statute to the facts alleged in the notice of removal. Accordingly, Plaintiffs' request for attorney's fees and costs is denied.

**IT IS HEREBY ORDERED:**

Plaintiffs' Motion to Remand (ECF No. 6) is **GRANTED**. This case is hereby **REMANDED** to the Family Court of the Fifth Judicial Circuit for the State of South Carolina for all further proceedings.

1  The District Court Executive is hereby directed to enter this Order, furnish
2  copies to counsel and Defendant Jonathan Hagler at his address of record, mail a
3  certified copy to the Family Court of the Fifth Judicial Circuit for the State of
4  South Carolina, and **CLOSE** the file.

**DATED** December 27, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 6